JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SHAWN LEON, individually and on
behalf of all others similarly situated,

          Plaintiffs,

          vs.

GORDON TRUCKING, Inc., a
Washington corporation,

          Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**Class Action**

CASE NO. CV 14-06574 MMM (MRWx)

ORDER GRANTING PLAINTIFF'S
MOTION TO REMAND

On June 19, 2013, Shawn Leon filed this putative class action in Los Angeles Superior Court against Gordon Trucking, Inc. ("Gordon Trucking").[1] The complaint alleged claims for (1) violation of the Federal Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, (2) failure to provide meal periods in violation of California Labor Code §§ 226.7 and 512(a); (3) failure to provide rest periods in violation of California Labor Code § 226.7; (4) failure to reimburse business expenses and

---

[1]Notice of Removal, Docket No. 1 (Aug. 21, 2014), Exh. A ("Complaint"). Unless otherwise indicated, all references are to Case No. 14-06574 MMM (MRWx).

purchases in violation of California Labor Code §§ 450, 2800, and 2802; (5) failure to timely pay wages in violation of California Labor Code §§ 201 and 202; (6) failure to provide accurate wage statements in violation of California Labor Code § 226(a); (7) failure to maintain accurate records in violation of California Labor Code § 1174(d) and IWC Order §§ 7(A)(3) and (5); (8) failure to pay wages using compliant non-cash instruments in violation of California Labor Code § 212(a)(1); and (9) violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code § 17200, *et seq*.[2]  On August 21, 2014, Gordon Trucking removed the action to this court, invoking the court's diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), (d)(5)(B).

On September 18, 2014, Leon filed a motion to remand.[3]  Gordon Trucking opposes the motion.[4]  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the court finds the motion appropriate for decision without oral argument. The hearing calendared for January 5, 2015 is therefore vacated, and the matter taken off calendar.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This is the second time Gordon Trucking has removed this action to federal court.  After it was served with the summons and complaint on June 26, 2013, Gordon Trucking timely removed the case on July 25, 2013, invoking the court's federal question jurisdiction based on Leon's FLSA claim.[5]  On October 23, 2013, Leon filed a first amended complaint that pled all of his state law claims, but dropped the FLSA claim.[6]  As a result, on June 3, 2014, the court issued an order

---

[2]*Id*., ¶¶ 42-115.

[3]Motion to Remand ("Motion"), Docket No. 23 (Sept. 18, 2014).

[4]Opposition to Motion to Remand ("Opposition"), Docket No. 27 (Oct. 27, 2014).

[5]Notice of Removal, Case No. 13-05377 MMM (MRWx), Docket No. 1 (Jul. 25, 2013), ¶¶ 2, 3.

[6]Removal, Exh. A at 88 ("FAC"), ¶¶ 42-119.

directing Gordon Trucking to show cause why the action should not be remanded to state court.[7] The court noted that the FLSA cause of action had been the basis upon which Gordon Trucking premised federal subject matter jurisdiction, and that it had determined it was appropriate to decline to exercise supplemental jurisdiction over Leon's state law claims given the dismissal of the only federal claim.[8]  On June 9, 2014, Gordon Trucking filed a response to the court's order.[9]  Gordon Trucking asserted that the court continued to have jurisdiction for two reasons.  It argued that the court had federal question jurisdiction because Leon alleged FLSA violations as one of the predicates for his UCL claim.[10]  Second, it asserted that the court had diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2), (d)(5)(B).[11]  The court found that Gordon Trucking had failed to carry its burden of showing that the court had jurisdiction on either basis.  First, it noted that the mere fact that a UCL claim was predicated on a violation of federal law did not convert the claim into one arising under federal law.[12]  Next, it held that Gordon Trucking had failed to demonstrate that CAFA's minimal diversity requirement was met because it asserted only that it was a Washington corporation, and did not proffer evidence concerning its principal place of business.[13]  The court therefore remanded the action to Los Angeles Superior Court.

On August 21, 2014, sixty-two days after remand, Gorton Trucking filed a second notice of removal.  In it, Gorton Trucking contends that removal is proper under CAFA because the amount in controversy exceeds $5,000,000 and the citizenship of the parties is minimally diverse.  In

---

[7]Order to Show Cause Why Case Should Not Be Remanded for Lack of Subject Matter Jurisdiction ("Order to Show Cause"), Case No. 13-05377 MMM (MRWx), Docket No. 92 (June 3, 2014).

[8]*Id.* at 2.

[9]Response to Order to Show Cause, Case No. 13-05377 MMM (MRWx), Docket No. 95 (June 6, 2014).

[10]*Id.* at 2-5.

[11]*Id.* at 5-6.

[12]Order to Show Cause at 4-8.

[13]*Id.* at 9-12.

addition to noting that it is a Washington corporation, Gordon Trucking now asserts that its principal place of business is in Washington as well. In all other respects, its notice of removal is identical to its response to the court's order to show cause. On September 19, 2014, Leon filed a motion to remand.[14] Gorton Trucking opposed the motion on October 27, 2014.[15]

## II. DISCUSSION

### A.    Legal Standard Governing Removal Jurisdiction

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "If at any time before final judgment[, however,] it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The right to remove a case to federal court is entirely a creature of statute. See *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000. See 28 U.S.C. §§ 1441(a), (b); see also 28 U.S.C. §§ 1331, 1332(a). Only state court actions that could originally have been filed in federal court can be removed. 28 U.S.C. § 1441(a); see *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d

---

[14]Motion at 1. See also Reply in Support of Motion to Remand ("Reply"), Docket No. 28 (Nov. 3, 2014).

[15]Opposition at 1.

4

662, 663 (9th Cir. 1988), *Takeda v. Northwestern Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985), and *Libhart*, 592 F.2d at 1064). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (citing *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir. 1990); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988)). Doubts as to removability must be resolved in favor of remanding the case to state court. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

**B.     Legal Standard Governing CAFA Jurisdiction**

In 2005, Congress enacted the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4. CAFA gives district courts original jurisdiction to hear class actions "in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and "in which[, *inter alia*,] any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2); see also *Luthis v. Countrywide Homes Loans Servicing LP*, 533 F.3d 1031, 1033-34 (9th Cir. 2008) ("The Class Action Fairness Act of 2005 § 4(a), 28 U.S.C. § 1332(d)(2), amended the requirements for diversity jurisdiction by granting district courts original jurisdiction over class actions exceeding $5,000,000 in controversy where [the citizenship of] at least one plaintiff is diverse from at least one defendant. In other words, complete diversity is not required. CAFA also provided for such class actions to be removable to federal court. See 28 U.S.C. § 1453(b). CAFA was enacted, in part, to 'restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction.' Pub.L. No. 109-2, § 2(b)(2), 119 Stat. 4, 5 (codified as a note to 28 U.S.C. § 1711)").

Under CAFA, the number of members of all proposed classes must exceed 100 in the aggregate. 28 U.S.C. § 1332(d)(5)(B). See also *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1020-21 (9th Cir. 2007) ("As a threshold matter, CAFA applies to 'class action' lawsuits where the aggregate number of members of all proposed plaintiff classes is 100 or more persons and where the primary defendants are not 'States, State officials, or other governmental entities against whom the

district court may be foreclosed from ordering relief.' § 1332(d)(5). . . .  Once the prerequisites of § 1332(d)(5) are satisfied, CAFA vests federal courts with 'original' diversity jurisdiction over class actions if (1) the aggregate amount in controversy exceeds $5,000,000, and (2) any class member is a citizen of a state different from any defendant.  § 1332(d)(2)"); *id.* at 1021 n. 3 ("The Fifth Circuit characterized § 1332(d)(5) as an 'exception' to CAFA jurisdiction conferred under § 1332(d)(2). . . . We view § 1332(d)(5) somewhat differently. . . .  [S]atisfaction of § 1332(d)(5) serves as a prerequisite, rather than as an exception, to jurisdiction under § 1332(d)(2).  This distinction is important because, as we address later, there are 'exceptions' to the statute in which jurisdiction otherwise exists under § 1332(d)(2) but the federal courts either *may* or *must* decline to exercise that jurisdiction.  See, e.g., § 1332(d)(3)-(4)").

The Ninth Circuit has confirmed that CAFA does not disturb the traditional rule that the burden of establishing removal jurisdiction is on the proponent of federal jurisdiction.  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006) ("We . . . hold that under CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction").

**C.      Whether the Court Should Remand the Action to Los Angeles Superior Court**

Leon advances several arguments in support of his motion to remand.  First, he asserts that the court lacks jurisdiction because the court has already rejected Gordon Trucking's invocation of CAFA jurisdiction, and it identifies no new grounds for removal.[16]  Second, he contends that, even if the court could entertain the removal, it is untimely.  Leon asserts that Gordon Trucking removed the action a second time sixty-two days after the court remanded it to state court; he notes that all the evidence Gordon Trucking presents in support of removal was available to it at the time the action was remanded.[17]  Finally, Leon contends that Gordon Trucking has failed to show by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.[18]  For all these

---

[16]Motion at 2-6.

[17]*Id*. at 6-11.

[18]*Id*. at 12-14.

1   reasons, Leon contends, his motion should be granted and he should be awarded attorneys' fees and

2   costs incurred as a result of the improper removal.

### 1.   Whether the Court Can Entertain Gordon Trucking's Second Removal

#### a.   Legal Standard Governing Successive Removals

5   Leon first contends that the court lacks jurisdiction to entertain Gordon Trucking's successive

6   removal.  When a case is remanded for lack of subject matter jurisdiction, § 1446(d) bars review of

7   the remand order "on appeal or otherwise." 28 U.S.C. § 1146(d); *Kircher v. Putnam Funds Trust*,

8   547 U.S. 633, 640 (2006) ("[W]e have relentlessly repeated that 'any remand order issued on the

9   grounds specified in § 1447(c)[19] [is immunized from all forms of appellate review], whether or not

10  that order might be deemed erroneous by an appellate court.'" (alterations original)).  "This language

11  has been universally construed to preclude not only appellate review but also reconsideration by the

12  district court." *Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988).

13  "In light of the prohibition against review of a remand order in § 1[4]46(d), once a district court has

14  remanded a case, a defendant generally may not remove the case to federal court a second time."

15  *Lodi Mem'l Hosp. Ass'n, Inc. v. Blue Cross of California*, No. CIV. 12 1071 WBS GGH, 2012 WL

16  3638506, *3 (E.D. Cal. Aug. 22, 2012) (citing *In re La Providencia Dev. Corp.*, 406 F.2d 251, 252

17  (1st Cir. 1969) ("[T]he state court proceedings are to be interfered with once, at most.  This is not

18  only in the interest of judicial economy, but out of respect for the state court and in recognition of

19  principles of comity.  The action must not ricochet back and forth depending upon the most recent

20  determination of a federal court").

21  Stated differently, "a party is not entitled to file a second notice of removal upon the same

22  grounds where the district court previously remanded the action." *Allen v. UtiliQuest, LLC.*, No. CV

23  13–4466 SBA, 2014 WL 94337, *2 (N.D. Cal. Jan.9 2014) (citing *St. Paul & C. Ry. Co. v. McLean*,

24  108 U.S. 212, 217  (1883) ("Assuming that the second petition for removal was filed before or at

---

26  [19]"[T]he bar of § 1447(d) applies only to remands based on the grounds specified in § 1447(c),
27  that is, a defect in removal procedure or lack of subject matter jurisdiction." *Kircher*, 547 U.S. at 640.
    Section 1447(d) applies here because the court's prior remand was based on a lack of subject matter
28  jurisdiction.

the term at which the cause could have been tried in the state court, we are of opinion that a party

is not entitled, under existing laws, to file a second petition for the removal upon the same grounds,

where, upon the first removal by the same party, the federal court declined to proceed and remanded

the suit, because of his failure to file the required copy within the time fixed by the statute")); see

also *Seedman*, 837 F.2d at 414 ("Once a district court certifies a remand order to state court it is

divested of jurisdiction and can take no further action on the case. Contrary to respondent's position,

a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction. A

remand order returns the case to the state courts and the federal court has no power to retrieve it.

As the statute makes clear, if the remand order is based on section 1447(c), a district court has no

power to correct or vacate it"); see also *Andersen v. Schwan Food Co.*, No. CV 13-02208 JGB, 2014

WL 1266785,  *4 (C.D. Cal. Mar. 26, 2014) (same).[20]

This general prohibition on successive removals, however, does not apply "when subsequent

pleadings or events reveal *a new and different* ground for removal."  *Kirkbride v. Continental*

*Casualty Co.*, 933 F.2d 729, 732 (9th Cir. 1991) (quoting *FDIC v. Santiago Plaza*, 598 F.2d 634,

636 (1st Cir. 1979) (emphasis original)); *Andersen*, 2014 WL 1266785 at *5 ("Thus, the court

recognized that the information required for removal was available to Defendants at the time of the

first removal as it was 'uniquely within the records of Schwan.' . . .  Accordingly, Defendants have

not demonstrated that their 'second notice of removal is based on newly discovered facts not

available at the time of the first removal,' and thus their successive removal is improper"); *Sweet*

---

[20]The fact that in remanding, the court rejected Gordon Trucking's argument that it had diversity jurisdiction under CAFA does not alter the prohibition against successive removals.  Although, as discussed *infra*, a district court order remanding a case removed under CAFA is subject to discretionary appellate review, the CAFA statute makes it clear that other than the right to seek discretionary review of the remand order by filing a notice of appeal within ten days, all of § 1447's other requirements apply with full force to CAFA remands.  See 28 U.S.C. § 1453(c)(1) ("Section 1447 shall apply to any removal of a case under this section, except that notwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order."); *Andersen*, 2014 WL 1266785, at *4 (remanding a case that had been removed a second time following a remand to state court for failure to satisfy CAFA's amount in controversy requirement because the second removal did not raise new and different grounds for removal); *Allen*, 2014 WL 94337 at *1-3 (same).

8

1   *v. United Parcel Serv., Inc.*, CV No. 09-02653 DDP, 2009 WL 1664644, *3 (C.D. Cal. June 15,

2   2009) ("[C]onsistent with a public policy that 'guards against premature and protective removals and

3   minimizes the potential for a cottage industry of removal litigation,' successive removals must be

4   based on new information," quoting *Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th

5   Cir. 2005)).  Successive removals are therefore improper "[a]bsent a showing that the posture of the

6   case has so changed that it is substantially a new case."  *One Sylvan Rd. N. Associates v. Lark Int'l,*

7   *Ltd.*, 889 F.Supp. 60, 65 (D. Conn. 1995).  Indeed, "absent new and different grounds for removal

8   based on newly discovered facts or law, a defendant who improperly removes a case after a federal

9   court previously remanded it risks being sanctioned under Federal Rule of Civil Procedure 11." *Fed.*

10  *Home Loan Mortgage Corp. v. Pulido*, No. CV 12-04525 LB, 2012 WL 5199441, *2 (N.D. Cal. Oct.

11  20, 2012) (citing *Benson v. SI Handling Systems, Inc.,* 188 F.3d 780, 783 (7th Cir. 1999) ("Multiple

12  removals could encounter problems – could even lead to sanctions – if nothing of significance

13  changes between the first and second tries" (internal citation omitted)).

14          **b.      Whether Gordon Trucking Presents New or Different Grounds**

15                   **for Removal**

16          Leon contends that Gordon Trucking's second removal "constitutes an improper attempt to

17  redo what it should have done initially in response to the [c]ourt's [o]rder to [s]how [c]ause by

18  offering additional evidence of citizenship [ ] to establish diversity."[21]  The court agrees.  The only

19  evidence Gordon Trucking adduces in support of its second notice of removal that it did not proffer

20  in response to the court's order to show cause is evidence of its principal place of business.[22]

21  Gordon Trucking does not argue that this evidence is new or that it did not know the information

22  at the time it first argued that the court had jurisdiction under CAFA.  Nor could it do so in good

23  faith; a corporate defendant, like any other, is presumed to know its own citizenship.  See *Cretian*

24  *v. Job1USA, Inc.*, No. 09 CV 770 ST, 2009 WL 4841039, *3 (D. Or. Dec. 11, 2009) ("Job 1USA

---

26          [21]Motion at 4.

28          [22]Removal, Exh. B (Declaration of Patrick Gendreau), ¶ 2 (noting that Gordon Trucking is a
    Washington corporation with its principal place of business in Washington).

is presumed to know its own citizenship; indeed, it is in the best position to know it"); *Villareal v. Demarco*, No. 09-CV-0452 PA, 2009 WL 279111, *2-3 (C.D. Cal Feb. 5, 2009) (plaintiffs are not required to plead the defendant's citizenship to start the time period for removal running because "[d]efendants are in the best position to know their own citizenship"); see also *Praisler v. Ryder Integrated Logistics, Inc.*, 417 F.Supp.2d 917, 920 (N.D. Ohio 2006) ("a defendant's citizenship does not . . . bring the defendant's subjective knowledge into play, since an individual or a corporate defendant can be expected to know its own citizenship"); *City of Albion v. Guar. Nat'l Ins. Co.*, 35 F.Supp.2d 542, 547 (W.D. Mich. 1998) (explaining that "a defendant is expected to know its own principal place of business").

Gordon Trucking attempts to avoid this conclusion, arguing first that the "new and different" evidence upon which it relies concerns the amount in controversy. The evidence Gordon Trucking adduces concerning the amount in controversy, however, is neither new nor different. It cites a damages assessment that Leon's counsel emailed to its attorney, which stated that the amount in controversy exceeded $20,000,000.[23] Gordon Trucking acknowledges that it received this evidence on March 13, 2014,[24] and it is beyond dispute that it cited the evidence in response to the court's order to show cause.[25] For that reason, despite its arguments to the contrary, Gordon Trucking's second removal is nothing more than an impermissible attempt to "offer[ ] additional evidence to prove what should have been proved in the first [n]otice of [r]emoval – [it]s citizenship." *Gordon v. Republic Servs. Inc.*, No. CV 13 00134 GAF-FFMx, 2013 WL 571814, *2 (C.D. Cal. Feb. 8, 2013) (citing *Ybarra v. Apartment Inv. & Mgmt. Co.*, No. CV 12-05814 SJO-JCGx, 2012 WL 4788398, *1 (C.D. Cal. July 27, 2012)); see also *Azarbarzin v. Convatec Inc.*, No. CV 12-9800 GAF-AJWx, 2013 WL 80271, *2 (C.D. Cal. Jan. 7, 2013).

Gordon Trucking also argues that it originally removed solely on federal question grounds,

---

[23]Declaration of Adam C. Smedstad ("Smedstad Decl."), Docket No 27-1 (Oct. 27, 2014), Exh. 1 (March 13, 2014 email); Removal, Exh. C (Risk Assessment).

[24]*Id.*, ¶ 2.

[25]Response, Exh. 1 (Risk Assessment). Exhibit 1 to Gordon Trucking's response to the order to show cause is identical to Exhibit C to its notice of removal in this action.

and that Leon's assertion that it cannot file a second removal petition based on CAFA is inconsistent with Ninth Circuit precedent permitting successive removals based on new and different grounds. The court disagrees.  The court did not remand the case solely on federal question grounds – the basis for jurisdiction asserted in Gordon Trucking's notice of removal.  Rather, after Leon amended his complaint to drop the federal claim, the court issued an order to show cause. Gordon Trucking responded, arguing not only that the court continued to have federal question jurisdiction, but also that it could exercise jurisdiction under CAFA.  Because Gordon Trucking's contention that the court had federal question jurisdiction lacked merit, and because it failed to meet its burden of showing that CAFA's minimal diversity requirement was met, the court remanded the action to state court.  Stated differently, the court found that Gordon Trucking had failed to show both that it had federal question jurisdiction *and that it had CAFA jurisdiction*.  In essence, Gordon Trucking argues that the court should not look to all grounds considered in its remand order, but exclusively to the grounds raised in its respective notices of removal.  This argument is unpersuasive for a number of reasons.

First and foremost, Gordon Trucking's position is clearly at odds with the plain language of § 1447(d), the statute on which the Ninth Circuit relied in deciding that successive removals alleging the same grounds are impermissible.  Section 1447(d) states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."  28 U.S.C. § 1447(d).  The statute makes no reference to the grounds alleged in the notice of removal; rather, it provides that the court's *remand order* is unreviewable.  See, e.g., *New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986) ("Not only may the *order* not be appealed, but the district court itself is divested of jurisdiction to reconsider the matter.  Thus, even if it later decides the order was erroneous, a *remand order* cannot be vacated even by the district court," citing *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984); *Pelleport Investors, Inc. v. Budco Quality Theatres*, 741 F.2d 273, 279 n. 3 (9th Cir. 1984); *Three J Farms, Inc. v. Alton Box Board Co.*, 609 F.2d 112, 115 (4th Cir. 1979)).  In other words, to avoid the prohibition on successive removals set forth in § 1447(d), the grounds for removal in a successive notice of removal must be "new and different" from those addressed in the court's prior remand order.  See *Seedman*, 837 F.2d at 414; *Allen*, 2014

1   WL 94337 at *2 ("a party is not entitled to file a second notice of removal upon the same grounds

2   where the district court previously remanded the action").

3         This conclusion is supported by the fact that the Ninth Circuit has never held that § 1447(d)

4   bars successive removals only if they are based on the grounds asserted in the original notice of

5   removal.  Rather, the Ninth Circuit's decision in *Seedman* indicates that it is the district court's

6   remand order that controls whether a second removal petition can be considered.  There, one month

7   after defendant removed an action to federal court, the district court *sua sponte* remanded the case

8   to state court on the basis that the removal petition was untimely.  *Seedman*, 837 F.2d at 413.  One

9   month later, after the remand order had already been certified to the state court, defendants filed a

10  second notice of removal, claiming the earlier remand was erroneous.  *Id.* at 413-14.  Plaintiff filed

11  a motion to remand, which the court denied, stating that its initial order had been the result of a

12  clerical error, and that the removal had been proper.  *Id.* at 414.  Plaintiff then filed a petition for a

13  writ of mandamus.  The Ninth Circuit granted the writ, holding that the district court lacked

14  jurisdiction to entertain the second removal.  The court noted that once the district court certified the

15  remand order, it was "divested of jurisdiction and [could] take no further action on the case."  *Id.*

16  at 414.  *Seedman* does not reference defendants' notice of removal in any way; it speaks solely in

17  terms of the district court's remand order.  See 837 F.2d at 413 ("Once a district court *certifies a*

18  *remand order* to state court it is divested of jurisdiction and can take no further action on the case.

19  Contrary to respondent's position, a second removal petition based on the same grounds does not

20  'reinvest' the court's jurisdiction.  A *remand order* returns the case to the state courts and the federal

21  court has no power to retrieve it.  As the statute makes clear, if the *remand order* is based on section

22  1447(c), a district court has no power to correct or vacate it" (emphasis added)).  See also *Rea v.*

23  *Michaels Stores Inc*., 742 F.3d 1234, 1238 (9th Cir. 2014) ("In *Seedman,* we interpreted the

24  provision in 28 U.S.C. § 1447(d) stating that a remand order 'is not reviewable on appeal or

25  otherwise' as preventing the district court from considering a removal based on the same grounds

26

27

28

as one the court had *previously remanded*").[26]

District courts have also recognized that it is the grounds discussed in the remand order, rather than the grounds alleged in the notice of removal, that govern whether a successive removal is based on "new and different" grounds.  See *Domenico v. Veolia Transp., Inc.*, No. 10-CV-02104 WYD, 2010 WL 3516901, *1 (D. Colo. Aug. 31, 2010) ("Thus, while a defendant may re-remove a case pursuant to section 1446(b), where, for example, the plaintiff amends her non-diverse state law complaint after remand to add a federal cause of action, the defendant may not circumvent section 1447(d)'s prohibition on reconsideration by filing a second notice of removal which supplies evidentiary support for the argument that the previous remand order was incorrect," quoting *Adams v. Allstate Ins. Co.*, No. CV 08-CV-01567-WYD-MEH, 2008 WL 4831425, *1 (D. Colo. Nov. 4, 2008)); see also *Andersen*, 2014 WL 1266785 at *4 ("a party is not entitled to file a second notice of removal upon the same grounds where the district court previously remanded the action," quoting *Allen*, 2014 WL 94337 at *2).  Gordon Trucking has cited no authority contrary to this rule that expressly holds only the grounds raised in the initial removal petition may be considered in determining whether "new and different" reasons support a second notice of removal.

Here, whether the notice of removal or the remand order controls in assessing whether a successive removal is based on new and different grounds is academic because Gordon Trucking effectively amended its notice of removal by arguing that the court had jurisdiction under CAFA in its response to the order to show cause.  *Cohn v. Petsmart, Inc.*, 281 F.3d 837 (9th Cir. 2002), is instructive in this regard.  There, "Petsmart's notice of removal was deficient because it only summarily alleged that the amount in controversy exceeded $75,000, without alleging any underlying facts to support this assertion."  *Id.* at 843 (citing *Gaus*, 980 F.2d at 567).  Petsmart's opposition to plaintiff's motion to remand, however, provided further facts supporting its assertion

---

[26]In *Kirkbride*, decided three years after *Seedman*, the court held that a "defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a new and different ground for removal."  933 F.2d at 732.  The opinion in no way indicates that in assessing whether the court can entertain a second removal petition, the court should look to the grounds alleged in the notice of removal, as opposed to those addressed in the court's remand order.

1   that the amount in controversy exceeded $75,000; it explained that its contention was based on a

2   settlement demand by plaintiff.  The Ninth Circuit held that "the district court [had] not err[ed] in

3   construing Petsmart's opposition as an amendment to its notice of removal." *Id.* (citing *Willingham*

4   *v. Morgan,* 395 U.S. 402, 407 n. 3 (1969) ("It is proper to treat the removal petition as if it had been

5   amended to include the relevant information contained in the later-filed affidavits"); see also 28

6   U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms, in the trial or

7   appellate courts")).  See also *Geerlof v. C & S Wholesale Grocers, Inc*., No. 13-CV-02175-MCE-KJ,

8   2014 WL 1415974, *5 (E.D. Cal. Apr. 14, 2014) ("Subsequently, the Ninth Circuit stated that *Cohn*

9   distinguished *Gaus,* and stands for the proposition 'that a district court may consider later-provided

10  evidence as amending a defendant's notice of removal," quoting *Gen. Dentistry For Kids, LLC v.*

11  *Kool Smiles, P.C.*, 379 Fed. Appx. 634, 636 (9th Cir. May 18, 2010) (Unpub. Disp.)); *Morella v.*

12  *Safeco Ins. Co. of Ill.,* No. 12–CV–00672 RSL, 2012 WL 2903084, *1 (W.D. Wash. July 16, 2012)

13  ("[T]he post-removal submission of supporting evidence can be treated as amending the notice of

14  removal," citing *Cohn*, 281 F.3d 837).

15      This is precisely what happened in this case.  After Leon filed an amended complaint alleging

16  no federal claims, the court issued an order to show cause.  In response, Gordon Trucking argued

17  that the court continued to have federal question jurisdiction.  It also proffered evidence (the same

18  evidence it adduces in support of its second removal) that purportedly demonstrated the court had

19  diversity jurisdiction under CAFA.  Consistent with *Cohn*, the court considered the new information,

20  effectively allowing Gordon Trucking to amend its original notice of removal to assert that the court

21  had jurisdiction, *inter alia*, under CAFA.  Because Gordon Trucking has once again asserted CAFA

22  as a ground for removal, the court lacks jurisdiction to entertain the successive removal.

23      Finally, the court notes that to accept Gordon Trucking's argument would effectively

24  undermine § 1447(d)'s prohibition on appeals or motions for reconsideration of remand orders.

25  Gordon Trucking argued in its response to the court's order to show cause that the court had both

26  federal question and CAFA jurisdiction.  It had a full and fair opportunity to present evidence

27  showing that the court had jurisdiction under CAFA, and cannot excuse its failure to offer adequate

28  evidence of its citizenship.  That it failed to raise CAFA jurisdiction in its original notice of removal,

and that it failed to adduce adequate evidence of the existence of CAFA jurisdiction in its response to the order to show cause does not justify filing a second notice of removal that corrects the deficiencies in response to the order to show cause. "Absent a showing that the posture of the case has so changed that it is substantially a new case," Gordon Trucking does not have the right to remove a second time. *One Sylvan Rd. N. Associates*, 889 F.Supp. at 65. Nothing changed in the interim between the remand to state court and Gordon Trucking's second removal. Gordon Trucking is simply attempting redo its response to the court's order to show cause so as to present sufficient evidence of its citizenship. This is confirmed by the fact that it had the damages assessment of plaintiff's counsel in its possession prior to the time it filed its response to the order to show cause, and cited it in support of its CAFA jurisdiction argument. Because the grounds for removal are thus identical to the grounds addressed in the court's order remanding the action to state court, the court lacks jurisdiction to entertain Gordon Trucking's second removal.[27] Consequently,

---

[27]This conclusion is also reinforced by the fact that Gordon Trucking could have appealed the court's remand order. As Leon notes, "CAFA creates an exception to [the] general rule [that a remand order is unreviewable], and provides that 'notwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order.'" *Watkins v. Vital Pharm., Inc.*, 720 F.3d 1179, 1181 (9th Cir. 2013) (quoting 28 U.S.C. § 1453(c)(1)). Contrary to Gordon Trucking's argument, the statute applies to *sua sponte* remand orders as well as orders entered in response to a remand motion. See *id.* at 1181 ("We do not read § 1453(c)(1)'s authorization of an appeal as limited only to district court orders made in response to a party's 'motion.' *Sua sponte* orders are, literally, orders issued when the court acts 'on its own motion.' Moreover, it is well established that district courts may address questions of subject matter jurisdiction *sua sponte*. If CAFA permitted review of remand orders issued only in response to a party's motion to remand, district court orders remanding class actions *sua sponte* would be insulated from appellate review. Such a result would be inconsistent with CAFA's clearly expressed intention that class actions are exempt from the general jurisdictional rule that district court remand orders are not reviewable on appeal").

Gordon Trucking's assertion that § 1453(c)(1) applies only to cases *removed* under CAFA similarly lacks merit. As the Ninth Circuit has observed, "[t]he plain language of § 1453(c)(1) confers jurisdiction over 'an order of a district court granting or denying a motion to remand a class action.'" *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) (quoting 28 U.S.C. § 1453(c)(1)). Every circuit court to address the question has held that appealability turns on whether the remand order involved "CAFA determinations," not whether the notice of removal itself invoked CAFA. See *Perritt v. Westlake Vinyls Co., L.P.*, 562 Fed. Appx. 228, 230 (5th Cir. Apr. 14, 2014) (Unpub. Disp.) ("Though we have acknowledged that '§ 1453(c) does not limit our discretionary appellate jurisdiction to matters unique or peculiar to CAFA,' § 1453(c) tethers our discretionary review to CAFA determinations,"

the court grants Leon's motion to remand.[28]

### 2. Whether Gordon Trucking Has Shown that the Amount in Controversy Exceeds $5,000,000[29]

Even if the court could entertain Gordon Trucking successive notice of removal, it would

---

citing *Berniard v. Dow Chem. Co.,* 481 Fed. Appx. 859, 864 (5th Cir. Aug. 6, 2010) (Unpub. Disp.) ("Rather, our judgment is limited to the rulings over which we have appellate jurisdiction, *viz,* remand of the subject cases to state court for failure of the proponents of CAFA jurisdiction to demonstrate that statute's amount-in-controversy requirement is met"); *Patterson v. Dean Morris, L.L.P.*, 448 F.3d 736, 742 (5th Cir. 2006) ("CAFA provides only for review of a remand order premised on the prerequisites of § 1453 or on claims with an adequate nexus to CAFA"); *Wallace v. La. Citizens Prop. Ins. Corp.,* 444 F.3d 697, 700 (5th Cir. 2006) ("The application of § 1453(c)(1) is therefore limited to the context of CAFA.")); *Saab v. Home Depot U.S.A., Inc.,* 469 F.3d 758, 759-60 (8th Cir. 2006) ("Thus, we do not interpret 'class action' as it is employed in § 1453(c) to encompass *all* class actions. Rather, we must limit § 1453(c)'s review provisions to those class actions brought under CAFA. . . . We therefore hold, joining our sister the Fifth Circuit, that the review provisions of § 1453(c) are limited to class actions brought under CAFA, 28 U.S.C. § 1332(d)"); *Tmesys, Inc. v. Eufaula Drugs, Inc*., 462 F.3d 1317, 1319 (11th Cir. 2006) ("As to the first issue, we find that we do have jurisdiction to review a district court's order to remand when that order is based on a determination that CAFA does not apply, at least to the extent of reexamining that *jurisdictional* issue").

It is thus clear that Gordon Trucking could have appealed the court's remand order under § 1453(c)(1). It cannot now file a second notice of removal based on CAFA and thereby circumvent the 10-day time limit on appeals set forth in § 1453(c)(1). See 28 U.S.C. § 1453(c)(1) ("Section 1447 shall apply to any removal of a case under this section, except that notwithstanding section 1447(d), a court of appeals may accept an appeal from an order of a district court granting or denying a motion to remand a class action to the State court from which it was removed if application is made to the court of appeals not more than 10 days after entry of the order").

[28]Given the court's determination that it lacks jurisdiction to entertain Gordon Trucking's successive removal because it is not based on grounds that are different from those considered in the court's remand order, the court need not address Leon's argument that the removal was procedurally defective. The court also need not address Leon's argument that Gordon Trucking has not met its burden of proving that the amount in controversy is met. It nonetheless discusses this issue because it agrees with Leon that Gordon Trucking has not met its burden of showing that CAFA jurisdiction exists. This provides an alternate basis for remanding the action.

[29]Based on the second notice of removal, there is no dispute that the parties' citizenship is minimally diverse. See *Bush v. Cheaptickets, Inc*., 425 F.3d 683, 684 (9th Cir. 2005) (CAFA requires only minimal diversity). Leon is a California citizen seeking to certify a class of California plaintiffs, while Gordon Trucking is a Washington corporation with its principal place of business in Washington. Assuming the court has jurisdiction to entertain the successive removal, therefore, the only question is whether the amount in controversy exceeds $5,000,000.

conclude that it had not met its burden of showing that the court has jurisdiction to hear the action. As noted, the burden of establishing federal jurisdiction is on the party seeking removal. *Serrano*, 478 F.3d at 1021 ("We concluded that [in enacting CAFA,] Congress intended to maintain the historical rule that it is the proponent's burden to establish a prima facie case of removal jurisdiction," citing *Abrego Abrego*, 443 F.3d at 685). Thus, "[a] defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum. This standard conforms with a defendant's burden of proof when the plaintiff does not plead a specific amount in controversy." *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013); see also *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1239 (9th Cir. 2014) (observing that *Rodriguez* held that "the preponderance of the evidence standard applies [in CAFA cases]"); *Morgan v. Gay*, 471 F.3d 469, 472–73 (3d Cir. 2006) (holding that under CAFA, the removing party bears the burden of establishing the requisite amount in controversy).[30]

---

[30]The Ninth Circuit held in *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007), that when a plaintiff pleads a specific amount in controversy that is less than the jurisdictional minimum, a defendant seeking to remove the case under CAFA must show to a "legal certainty" that the jurisdictional amount is at issue. The court identified two principles informing this conclusion: "First, as federal courts, we are courts of limited jurisdiction and we will strictly construe our jurisdiction. Second, it is well established that the plaintiff is 'master of her complaint' and can plead to avoid federal jurisdiction." *Id.* at 998-99 (citations omitted).

In *Standard Fire Insurance Company v. Knowles*, 133 S. Ct. 1345, 1347 (2013), plaintiff filed a class action, alleging that he and the "[c]lass stipulate[d] they [would] seek to recover total aggregate damages of less than [the CAFA jurisdictional threshold of] five million dollars." Defendant removed, invoking CAFA. *Id.* at 1348. The district court remanded. It found that although the amount in controversy would have exceeded $5,000,000 in the absence of the stipulation, the jurisdictional threshold could not be met given the stipulation. *Id.* The Supreme Court held that the district court erred in relying on the stipulation because "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Id.* at 1349.

In *Rodriguez*, 728 F.3d 975, the Ninth Circuit recognized that *Standard Fire* overruled *Lowdermilk*'s "legal certainty" standard in CAFA cases. See *id.* at 977 ("Our reasoning there for imposing on defendants the burden to prove the amount in controversy to a legal certainty, rather than the ordinary preponderance of the evidence standard, is clearly irreconcilable with the Supreme Court's reasoning in *Standard Fire*"). The court held that the second principle informing the *Lowdermilk* rule – to "preserve the plaintiff's prerogative . . . to forgo a potentially larger recovery to remain in state court"– was "directly contradicted by *Standard Fire*['s holding that] a plaintiff seeking to represent a putative class could not evade federal jurisdiction by stipulating that the amount in controversy fell

"[T]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). A damages estimate "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002). "A plaintiff's damage estimate will not establish the amount in controversy, however, if it appears to be only a 'bold optimistic prediction.'" *Romsa v. Ikea U.S. West, Inc.*, No. CV 14-05552 MMM (JEMx), 2014 WL 4273265, *2 (C.D. Cal. Aug. 28, 2014) (quoting *Molina v. Lexmark Intern., Inc.*, No. CV 08–04796 MMM (FFMx), 2008 WL 4447678, *4 (C.D. Cal. Sept.30, 2008) (in turn quoting *Surber v. Reliance Nat'l Indem. Co.*, 110 F.Supp.2d 1227, 1232 (N.D. Cal. 2000)).

"A court cannot base a finding of jurisdiction on a defendant's speculation and conjecture; "[r]ather, a defendant must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum." See *Deaver v. BBVA Compass Consulting & Benefits, Inc.*, No. 13-CV-00222 JSC, 2014 WL 2199645, *3 (N.D. Cal. May 27, 2014) (quoting *Fong v. Regis Corp.,* No. C 13–04497 RS, 2014 WL 26996, *2 (N.D. Cal. Jan. 2, 2014)).

The only evidence Gordon Trucking proffers to show that the amount in controversy exceeds the jurisdictional minimum is an email and attached risk assessment from Leon's attorney. Its notice of removal relies solely on the risk assessment, which states that Gordon Trucking's potential liability purportedly exceeds $20,000,000.[31] Leon argues that Gordon Trucking is not entitled to rely solely on the damages assessment to show that of the amount in controversy exceeds $5,000,000.[32] He contends that because Gordon Trucking proffers no evidence other than the damages assessment,

---

below the jurisdictional minimum." *Id.* at 980, 981. The court also concluded that *Standard Fire* had overruled *Lowdermilk*'s directive that district courts "need not look beyond the four corners of the complaint to determine whether the CAFA jurisdictional amount is met," and that § 1332(d) required district courts to evaluate the potential claims of absent class members rather than plaintiff's complaint. *Id.* at 981. The court thus applies the preponderance of the evidence standard in light of *Knowles* and *Rodriguez.*

[31]Removal, Exh. C (Damages Assessment).

[32]Motion at 12-14; Reply at 8-9.

18

1    it has failed to carry its burden of showing by a preponderance of the evidence that the amount in

2    controversy exceeds $5,000,000.  The court agrees.  Although a party's risk assessment "is relevant

3    evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's

4    claim," *Cohn,* 281 F.3d at 840, the risk assessment provided by Leon's counsel is entirely

5    conclusory.  Despite the fact that it purportedly details the claims of more than 1,000 class members,

6    it is only one page long, and contains no underlying factual data to support its calculations.  Stated

7    differently, it provides no information that indicates it is a realistic assessment of damages, or that

8    it is based on facts that could be proved at trial.  Hence it appears to be nothing more than a "'bold

9    optimistic conclusion'" that is not sufficient to carry Gordon Trucking's burden of proving the

10   amount in controversy.  See *Romsa,* 2014 WL 4273265 at *2; *Aparicio v. Abercrombie & Fitch*

11   *Stores Inc.,* No. CV 13-09209 MMM (Ex), 2014 WL 545795, *6 (C.D. Cal. Feb. 10, 2014)

12   ("Aparicio's November 13 email does not explain how she arrived at a damages estimate of more

13   than $16 million.  Based on the present record, therefore, the court cannot find that the settlement

14   demand reflected a 'reasonable estimate' of class damages"); *Owens v. Westwood College Inc.,* No.

15   CV 13–4334 CAS (FFMx), 2013 WL 4083624, *3 (C.D. Cal. Aug.12, 2013) ("Here, the May 15

16   letter does not offer any explanation for how plaintiff calculated the $1.5 million demand

17   'reasonable estimate' of plaintiff's claim, and thus could not be 'relevant evidence of the amount in

18   controversy,'" quoting *Cohn,* 281 F.3d at 840); *Surber,* 110 F.Supp.2d at 1232 ("While a federal

19   court must of course give due credit to the good faith claims of the plaintiff, a court would be remiss

20   in its obligations if it accepted every claim of damages at face value, no matter how trivial the

21   underlying injury" (citation omitted)).

22        It was incumbent on Gordon Trucking to offer *something* to substantiate the damages

23   estimate provided by Leon's lawyer, or otherwise to demonstrate that the amount in controversy

24   exceeds $5,000,000.  In its opposition to Leon's remand motion, Gordon Trucking proffers a March

25   13, 2014 email from Leon's counsel that was allegedly sent with the damages estimate.[33]  If

26   _____

27        [33]"A court may properly consider evidence the removing party submits in its opposition to
     remand, even if this evidence was not submitted with the original removal petition." *Altamirano v. Shaw*
28   *Indus., Inc.,* No. C–13–0939 EMC, 2013 WL 2950600, *3 (N.D. Cal. June 14, 2013) (citing *Cohn,* 281

anything, the email is more conclusory than the risk assessment; it provides no details concerning the damages calculation, and does nothing to substantiate the unsupported figures contained in the risk assessment.[34]

To the extent the email has any probative value, it suggests that Leon's counsel believes the amount in controversy is in fact less than the amount stated in the risk assessment. Although *Cohn* held that a settlement letter could be used to show that the amount in controversy requirement is satisfied, the court specifically noted that the plaintiff "could have argued that the demand was inflated and not an honest assessment of damages, but . . . made no attempt to disavow his letter or offer contrary evidence." 281 F.3d at 840. Subsequent cases have held that where a plaintiff take steps to disavow a damages estimate, the estimate, standing alone, is insufficient to show that the requisite amount is at issue. See *Walker v. CorePower Yoga, LLC*, No. 12-CV-0004-WHQ-DHB, 2013 WL 2338675, *7 (S.D. Cal. May 28, 2013) (settlement letter not sufficient to establish amount in controversy where plaintiff later "disavowed the letter by stating: The exposure figure . . . was calculated using nothing but unsupported and inflated assumptions because at the time Plaintiff had not yet received initial disclosures or any discovery from Defendant"); *Cadenas v. Union Pac. R.R.*, No. CV 10-5089-RJB, 2010 WL 890046, *2 (W.D. Wash. Mar. 9, 2010) ("Further, unlike the plaintiff in *Cohn*, Plaintiff here states that his case is not worth $75,000.00 or more"). In the email that included the damages assessment, Leon's counsel stated that "[a]lthough Gordon [Trucking's] potential risk assessment exceeds $20,000,000 . . . we are prepared to mediate in good faith with appropriate pre-certification discounts."[35] Although not dispositive, the email suggests that Leon's risk assessment reflects the high end of Gordon Trucking's liability rather than a reasonable estimate of its actual liability. In his reply, Leon concedes that the figure set forth in the risk assessment is

---

F.3d at 840 n. 1); see also *Willingham v. Morgan*, 395 U.S. 402, 407 n. 3 (1969) ("[I]t is proper to treat the removal petition as if it had been amended to include the relevant information contained in the later-filed affidavits"). Leon's argument that Gordon Trucking is limited to the facts alleged in the notice of removal in demonstrating the amount in controversy is therefore incorrect.

[34]Semstad Decl., Exh. 1 (March 13 Email).

[35]*Id*. at 1.

unsupported and inflated. He admits that he "speculate[d] [in the risk assessment] that each member of the putative class would be entitled to recover penalties [for] every single pay period as a result of [Gordon Trucking's] alleged violation of [California Labor Code § 226],"[36] and that there is "no evidence to substantiate the reasonableness of [the] assumption that each class member would be entitled to recover the full 30 days of penalty wages under [California] Labor Code § 203,[37] or that they would recovery any of those penalties."[38] He also admits that "[t]his same problem is evident in each category of damage assessed [in the risk analysis]."[39] Thus, the damages estimate is facially insufficient because Leon disavows its accuracy, and Gordon Trucking adduces no evidence that it

---

[36]Section 226 provides: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." CAL. LAB. CODE § 226(a).

[37]Section 203 states: "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.3, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days. An employee who secretes or absents himself or herself to avoid payment to him or her, or who refuses to receive the payment when fully tendered to him or her, including any penalty then accrued under this section, is not entitled to any benefit under this section for the time during which he or she so avoids payment." CAL. LAB. CODE § 203(a).

[38]Reply at 8-9.

[39]*Id.* at 9.

is likely accurate or reasonable.[40]  Consequently, Gordon Trucking has failed to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.

In sum, because Gordon Trucking's second notice of removal is premised on the facts addressed in the court's remand order, the court lacks jurisdiction to entertain the second removal petition.  For this reason, the court must remand the action to state court.  Even if court could exercise jurisdiction over the removal, moreover, Gordon Trucking has failed to carry its burden of proving that the amount in controversy requirement is satisfied.  For this reason as well, remand is appropriate.  Accordingly, the court grants Leon's motion to remand.

### D.    Whether Leon is Entitled to Attorneys' Fees and Costs

Leon seeks attorneys' fees under 28 U.S.C. § 1447(c).  "Under 28 U.S.C. § 1447(c), '[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'"  *Federal Home Loan Mortg. Corp. v. Lettenmaier*, No. CV–11–165–HZ, 2011 WL 1297960, *1 (D. Or. Apr. 5, 2011) (quoting 28 U.S.C. § 1447(c)).  "'Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis exists, fees should be denied.'"  *Id.* (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

"Removal is not objectively unreasonable solely because the removing party's arguments lack merit and the removal is ultimately unsuccessful."  *Id.* (citing *Lussier v. Dollar Tree Stores,*

---

[40]Gordon Trucking filed notice of supplemental authority citing the court to the Supreme Court's recent decision in *Dart Cherokee Basin Operating Co., LLC v. Owens*, __ U.S. __, 2014 WL 7010692 (U.S. Dec. 15, 2014).  It specifically cites a passage in *Dart Cherokee* stating that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at *6.  The court agrees with Gordon Trucking that its notice of removal need not contain anything more than a plausible allegation that the amount in controversy is met.  Gordon Trucking ignores the very next sentence in *Dart Cherokee*, however.  The court went on to explain that "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id*.  Here, Leon filed a motion to remand; thus, *Dart Cherokee* makes clear that it was Gordon Trucking's burden to come forth with evidence establishing the amount in controversy.  As noted, it has failed to do so.

*Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008)). "Rather, the court should assess 'whether the relevant case law clearly foreclosed the defendant's basis of removal' by examining the 'clarity of the law at the time of removal.'" *Id.* (quoting *Lussier*, 518 F.3d 1066); see also *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999–1000 (9th Cir. 2006) ("Del Taco's state court petition to confirm the arbitration award contained only one state law cause of action; it did not contain any federal claim that could provide the basis for a § 1441(c) removal. Joinder of a federal claim and a claim for removal of a state court action in a federal complaint cannot effect a § 1441(c) removal. There being no objectively reasonable basis for removal, the district court did not abuse its discretion in awarding attorney's fees under § 1447(c) to Del Taco").

Leon contends that attorneys' fees are warranted because Gordon Trucking's removal clearly lacked merit, and constituted an impermissible interference with his right to be the master of his complaint.[41] The court declines to award attorneys' fees. Although not persuasive, the court does not find Gordon Trucking's arguments in support of removal so objectively unreasonable that they warrant an award of attorneys' fees. See *Lussier*, 518 F.3d at 1065 (noting that while "[t]here is no question that [the defendant's] arguments were losers[,] . . . removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted"). While the court did not agree that only grounds raised in the notice of removal – as opposed to the court's remand order – are considered when determining whether a successive removal is based on new and different grounds, the court does not believe that Gordon Trucking's argument was so objectively unreasonable in light of the case law that it merits an award of attorneys' fees to Leon.

---

[41]Motion at 15.

**III.  CONCLUSION**

For the reasons stated, the court grants Leon's motion to remand, and directs the clerk to remand the action to Los Angeles Superior Court forthwith.  Leon's request for attorneys' fees and costs is denied.


DATED: December 31, 2014

_____
MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE